UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GORDON EUGENE BARNES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 5:16-cv-1691-AKK |
| **CULLMAN COUNTY DISTRICT** ) | |
| **COURT, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Gordon Eugene Barnes filed this complaint against the Cullman County District Court,[1] the Cullman County District Attorney Wilson Blalock, and Cullman County Detention Center Warden Adam Whitehead. Doc. 1 at 3. Barnes brings his claims pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Constitution and other applicable laws of the United States after the defendants detained him for a lengthy period of time without a probable cause hearing. Doc. 1. For the reasons below, the complaint is due to be dismissed.

### I. STANDARD OF REVIEW

The court granted Barnes leave to proceed without prepayment of the filing fee, pursuant to 28 U.S.C. § 1915. Section 1915 requires a court to dismiss the

---

[1] The Cullman County District Court is not a legal entity capable of being sued under § 1983, *see Coggins v. Tallapoosa Cty. Court*, 2008 WL 2568375, at *3 (M.D. Ala. June 25, 2008) (citing *Dean v. Barber*, 951 F.2d 1210 (11th Cir.1992)), and as such, the claims against the court are dismissed.

1

complaint if it determines at any time that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Accordingly, the court may *sua sponte* dismiss a complaint, or any portion thereof, prior to service.

A dismissal for failure to state a claim pursuant to § 1915(e)(2)(B) is governed by the same standards applicable to dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, because "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

## II. FACTUAL ALLEGATIONS[2]

On April 21, 2016, Barnes was arrested and detained in the Cullman County Detention Center. Doc. 1 at 3. On April 29, 2016, Barnes "sent a message to legal" requesting his immediate release due to the failure to afford him a "72-Hour hearing." *Id*. at 3.[3] The reply informed him that his request would have to be "handled by [his] lawyer through the court." *Id*. at 2. On May 4, 2016, Barnes received notice the court had appointed counsel to represent him. However, Barnes did not meet with his counsel until a month later, *id*. at 3, 5, and did not receive "any kind of hearing until [his] pleading date of September 30, 2016," *id*. at 5.

According to Barnes, District Attorney Blalock "is responsible for the proper and timely prosecution of all cases within his jurisdiction, as well as promptly dropping charges when warranted." *Id.* at 4. Also, the Cullman County District Court "is responsible for making sure that all cases under its jurisdiction are promptly and lawfully handled," and must ensure that court officers and law

---

[2] For the purposes of Fed. R. Civ. P. 12(b)(6), Barnes' allegations are presumed true. As such, the facts are taken from the Complaint, doc. 1.

[3] Although not specifically stated in the complaint, Barnes is ostensibly referring to the initial appearance provisions of Rules 4.3 and 4.4 of the *Alabama Rules of Criminal Procedure*. The initial appearance as outlined in Rule 4.4 is not designed to assess probable cause for the arrest, but is conducted to ascertain the defendant's true name and address, to advise the defendant of certain rights, and to schedule a date and time for a preliminary hearing in accordance with Rule 5.1(a). Nevertheless, an initial appearance is an important substantive due process right afforded to criminal defendants under the Fourteenth Amendment. *See Coleman v. Frantz*, 754 F.2d 719, 724 (7th Cir. 1985) ("Almost every element of a 'first appearance' under state statutes or the Federal Rules of Criminal Procedure serves to enforce or give meaning to important individual rights that are either expressly granted in the Constitution or are set forth in Supreme Court precedent").

enforcement follow "the law and proper procedure." *Id*. Additionally, Warden Whitehead "is responsible for all procedures followed at the Cullman County Detention Center." *Id.* Barnes seeks twenty-million dollars in damages for pain and suffering. *Id*. at 5.

### III. Analysis

As noted above, the court reads Barnes' complaint as alleging the deprivation of an initial appearance in state court following his arrest in Cullman County, Alabama. Unlike a hearing to determine probable cause, an initial appearance before a neutral magistrate is mandatory for arrests made with or without a warrant. *See* ALA. R. CRIM. P. 4.3.[4] More importantly, for purposes of § 1983, "the right to an initial appearance is secured by the Due Process Clause of the Fourteenth Amendment." *Alexander v. City of Muscle Shoals, Alabama*, 766 F. Supp. 2d 1214, 1229 (N.D. Ala. Jan. 26, 2011).

In *Alexander*, a judge sitting in this district analyzed the seminal Seventh and Eighth Circuit cases which established a criminal defendant's substantive due process right to an initial appearance before a judicial officer. The court explained "the information imparted to a detainee at such an appearance serves to enforce or give meaning to important individual rights," including notice to the accused of the

---

[4] As discussed *infra*, a separate judicial determination of probable cause is not required where a person is arrested pursuant to a warrant issued by a magistrate or judge after a finding of probable cause.

charges against him, his right to counsel, and the privilege against self-incrimination. *Alexander*, 766 F. Supp. 2d at 1231-32 (citing *Coleman v. Frantz*, 754 F.2d 719 (7th Cir. 1985)). Therefore, "an extensive detention without a first appearance substantially impinges upon and threatens all of these rights." *Id*. at 1232 (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 573 (7th Cir. 1998)).[5]

However, failure to meet the 72-hour deadline in Rule 4.3 does not, without more, constitute a violation of Barnes' constitutional rights. After all, "[s]ection 1983 does not create a remedy for every wrong committed under the color of state law, [. . . ]." *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002). Rather, to have a valid constitutional claim, Barnes must present facts demonstrating a violation of his substantive due process rights under the Fourteenth Amendment, and establish the defendants' deliberate indifference. "Conduct by a government actor . . . will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense." *Davis v. Carter*, 555 F.3d 979, 982 (11th Cir. 2009). Accordingly, a Fourteenth Amendment violation occurs where a person is detained for a period of time without benefit of an initial appearance, and the totality of the circumstances

---

[5] Following the Seventh Circuit's lead, the Eighth Circuit also recognized "the Due Process Clause forbids and extended detention, without a first appearance, following arrest by warrant." *Hayes v. Faulkner County, Arkansas*, 388 F.3d 669, 673 (2004).

5

demonstrates deliberate indifference which rises to a level that shocks the conscience. *Armstrong,* 152 F.3d at 581.

Turning to the specifics here, the court does not need to undertake the arbitrary or conscience-shocking analysis because Barnes pleaded guilty and his conviction remains valid. Under *Heck v. Humphrey*, 512 U.S. 477, 487–87 (1994), a § 1983 claim for damages which would render a conviction or sentence invalid is not ripe until the conviction or sentence is overturned on appeal, expunged by executive order, invalidated by an appropriate state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A review of Cullman County Circuit Court records reveals the case which matches the circumstances Barnes described, *see* doc. 1 at 3, resulted in his guilty plea on September 30, 2016.[6] As such, Barnes' claims are premature until such time as Barnes can demonstrate that his conviction has been overturned or called into question. *See Cole v. Mooney*, 626 F. App'x 220, 221–23 (11th Cir. 2015) (barring claims of a plaintiff who sued the prosecutor in his state criminal proceeding and the Circuit Clerk of Mobile County for failing to provide him an initial appearance within 72-hours of his arrest because the plaintiff pleaded guilty to the criminal charges in state court.).

---

[6] *See* https://v2.alacourt.com/index.htm; *State of Alabama v. Gordon Eugene Barnes*, Case No. CC-2016-000313.00.

Even if Barnes had pleaded factual allegations demonstrating a violation of his constitutional rights, his claim for damages against District Attorney Blalock fail.[7] The Supreme Court has held that prosecutors have absolute immunity from cases seeking money damages for their prosecutorial actions. *Imbler v. Pachtman*, 424 U.S. 409 (1976). In other words, a prosecutor is entitled to absolute immunity for all actions taken while performing her function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Significantly, Barnes has not alleged that Blalock acted outside the normal role of prosecutor. To the contrary, the allegation that Blalock failed to promptly and timely prosecute criminal charges is clearly directed at his role as a prosecutor. Accordingly, Barnes' claims against Blalock are due to be dismissed for failing to state a claim upon which relief can be granted.

Finally, as it relates to Jail Warden Adam Whitehead, it is well-established that sheriffs and deputy sheriffs are executive officers of the State and are, therefore, immune from suit pursuant to Article I, Section 14 of the Alabama Constitution. *See, e.g., Carpenter v. Tillman*, 948 So.2d 536, 538 (Ala. 2006). As such, any action against Whitehead in his official capacity is effectively a lawsuit

---

[7] Although Barnes has only sued the district court, *see* doc. 1 at 3 and n.1 *supra*, to the extent that he intended to sue the judges of the court, such a claim would fail because judges are entitled to absolute judicial immunity for damages claims with respect to actions performed in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547 (1967). There is no allegation in the complaint that a judge acted "in the clear absence of all jurisdiction," to warrant an exception to the judicial immunity doctrine. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

against the State, and is due to be dismissed. *Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996). Moreover, even if Barnes intended to sue Warden Whitehead in Whitehead's individual capacity, those claims also fail because Barnes has not alleged facts that Whitehead had any personal involvement in the purported failure to timely hold a preliminary hearing. *See generally* doc. 1.

## CONCLUSION AND ORDER

For the foregoing reasons, this action is **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim upon which relief can be granted.

**DONE** the 27th day of April, 2017.

*/s/ Abdul Kallon*
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE